A CERTIFIED TRUE COPY
ATTEST
By Tanisha Spinner on Apr 04, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Apr 04, 2008

FILED
CLERK'S OFFICE

IN RE: OXYCONTIN ANTITRUST LITIGATION
Commonwealth of Kentucky, et al. v. Purdue Pharma, L.P., et al., )
E.D. Kentucky, C.A. No. 7:07-222                                  )    MDL No. 1603

**TRANSFER ORDER**

**Before the entire Panel**[*]: Plaintiffs have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring their action to the Southern District of New York for inclusion in MDL No. 1603. Defendants Purdue Pharma L.P., Purdue Pharma Inc., The Purdue Frederick Co., Purdue Pharmaceuticals L.P., and P.F. Laboratories, Inc., along with The Purdue Pharma Co.; Pharmaceutical Research Associates, Inc.; and Euro-Celtique S.A. (collectively Purdue) oppose the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in MDL No. 1603 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions involving allegations that Purdue and others violated antitrust laws and unlawfully conspired to monopolize the market for narcotic pain medication. *See In re OxyContin Antitrust Litigation*, 314 F.Supp.2d 1388 (J.P.M.L. 2004).

Plaintiffs can present their motion for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiffs argue against transfer, *inter alia*, that their action, which pleads claims under state statutory and common law on behalf of the state and a political subdivision, does not share sufficient questions of fact with the antitrust claims in MDL No. 1603, which include claims brought on behalf of putative classes of direct and indirect purchasers of OxyContin. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Transfer under Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer. Also, the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core, in this instance, the alleged anticompetitive conduct of the defendants with respect to the market for narcotic pain medication, in general, and OxyContin, in particular. Moreover,

---

[*] Judge Scirica took no part in the decision of this matter.

A CERTIFIED COPY
J. MICHAEL McMAHON,    CLERK

BY Catherine Lapsley
DEPUTY CLERK

- 2 -

at least one action similar to the instant action, seeking recovery of alleged overcharges to health benefits programs brought on behalf of a governmental entity, is already pending in MDL No. 1603. Accordingly, inclusion of the present claims in MDL No. 1603 will have the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Sidney H. Stein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen           J. Frederick Motz
Robert L. Miller, Jr.      Kathryn H. Vratil
David R. Hansen            Anthony J. Scirica[*]

IN RE: OXYCONTIN ANTITRUST LITIGATION                    MDL No. 1603

## INVOLVED COUNSEL LIST

Daniel E. Danford
STITES & HARBISON PLLC
2300 Lexington Financial Center
250 West Main Street
Lexington, KY 40507

C. David Johnstone
Attorney General's Office - KY
1024 Capital Center Drive, Suite 200
Frankfort East Office Location
Frankfort, KY 40601-8204

Susan J. Pope
FROST BROWN TODD LLC
250 West Main Street
2700 Lexington Financial Center
Lexington, KY 40507-1749

Bradley A. Sears
GARY C JOHNSON PSC
110 Caroline Avenue
P.O. Box 231
Pikeville, KY 41502

Janet M. Graham
Office of Attorney General-KY
700 Capital Avenue
Suite 118
Frankfort, KY 40601